K. Electronic Data Processing Data and Programs: The actual cost to reproduce the data and programs, up to the limit of coverage, if you actually reproduce the data and programs. Such costs shall include any additional reasonable expense incurred in reproducing the data and programs, to continue normal computer operations. There shall be no liability hereunder for data and programs that cannot be reproduced due to lack of backup, support documentation or records unless such articles are described and specific limits shown in this policy.

L. Fine Arts: The appraised value; or, if there is no appraisal at the greater of:

   (1) the original acquisition cost, or

   (2) the market value at the time of loss.

M. All property not otherwise described: The Actual Cash Value of the property at the time the loss or damage occurs being replacement cost less depreciation.

## 12. FLOOD

With respect to the peril Flood, any and all losses from this cause within a 72-hour period shall be deemed to be one loss insofar as the Limit of Liability and Deductible provisions of this policy are concerned.

The Company shall not be liable for any loss caused by any Flood which commences before the effective date and time of this policy, however, the Company will be liable for any loss occurring for a period of up to seventy-two (72) hours after the expiration of this policy provided that the first flood damage occurs prior to the date and time of the expiration of this policy.

The term "flood", as used herein, shall mean surface water, waves, tide, or tidal water and the rising (including overflowing or breaking of boundaries) of lakes, ponds, reservoirs, rivers, streams, harbors and similar bodies of water. The term "surface water", as insured hereunder, shall mean seepage, leakage or influx of water (immediately derived from natural sources) through sidewalks, driveways, foundations, walls, basements or other floors, or through doors, windows or any other openings in such sidewalks, foundations, walls or floors; and shall also include all water which backs up through sewers and drains.

## 13. EARTHQUAKE

Each loss by Earthquake shall constitute a single claim hereunder; provided, if more than one earthquake shock shall occur within any period of seventy-two (72) hours during the term of this policy such Earthquake shall be deemed to be a single Earthquake within the meaning hereof. The Company shall not be liable for any loss caused by any Earthquake occurring before the effective date and time of this policy, however, the Company will be liable for any losses occurring for a period of up to seventy-two (72) hours after the expiration of this policy provided that the first earthquake shock or damage occurs prior to the date and time of the expiration of this policy.

The terms "earthquake", as used herein shall mean; earth shock, volcanic action, landslide, mudslide, earth movement, earth sinking, earth rising or shifting.

## 14. CONTRIBUTING INSURANCE

Contributing insurance is insurance covering in the same manner and layer as this insurance which is not designated as and notified to the Company as primary or excess with respect to the insurance provided in this policy. This insurance shall contribute in accordance with the conditions of this policy, only to the extent of proportion that the applicable limit under this policy bears to the total limits of all policies covering in the same manner and layer as this insurance.

## 15. EXCESS INSURANCE

Excess insurance is insurance over the limit of liability set forth in this policy. The existence of such excess insurance shall not prejudice the coverage provided under this policy nor will it reduce any liability hereunder.

## 16. OTHER INSURANCE

Except for insurance described in the Contributing Insurance Clause, or the Excess Insurance Clause, this policy shall not cover to the extent of any other insurance, whether prior or subsequent hereto in date, and whether directly or indirectly covering the same property against the same perils and whether collectible or not. This Company shall be liable for loss or damage only to the extent of that amount excess of such other insurance.

MAN
PR9545 (09/02)

11

## 17. SUBROGATION

A. In the event of any payment under this policy, this Company shall be subrogated to the extent of such payment to all the Insured's rights of recovery therefor. The Insured shall execute all papers required and shall do anything that may be necessary at the expense of the Company to secure such right. The Company will act in concert with all other interests concerned, i.e., the Insured and other company(ies) participating in the payment of any loss as primary or excess insurers, in the exercise of such rights of recovery. If any amount is recovered as a result of such proceedings the costs of recovery shall be divided between the interests concerned in the proportion of their respective interests. Priority of recovery shall be, up to the amount(s) of their loss payment(s):

   (i)   excess insurer(s);

   (ii)  primary insurer(s);

   (iii) the Insured;

   until the amount of recovery, less expenses, is exhausted. If there should be no recovery, the expenses of proceedings shall be borne proportionately by the interests instituting the proceedings.

B. The Insured shall not do anything after a loss to jeopardize the Company's rights of subrogation. Any release from liability entered into by the Insured in writing prior to loss hereunder shall not affect this policy for the right of the Insured to recover hereunder. The right of subrogation against the Insured or subsidiary or affiliated companies or any other companies associated with the Insured through ownership or management is waived.

## 18. SALVAGE AND RECOVERIES

All salvages, recoveries and payments excluding proceeds from subrogation recovered or received subsequent to a loss settlement under this policy shall be applied as if recovered or received prior to the said settlement and shall accrue entirely to the Company until the sum paid by the Company has been recovered.

## 19. BRANDS OR TRADEMARKS

In case of damage by a peril insured against to property bearing a brand or trademark or which in any way carries or implies the guarantee or the responsibility of the manufacturer or Insured, the salvage value of such damaged property shall be determined after removal in the customary manner, at the expense of the Insurer, of all such brands or trademarks or other identifying characteristics.

## 20. CONTROL OF SALVAGE

The Insured shall have full right to the possession of all goods involved in any loss under this policy and shall retain control of all damaged goods. The Insured, exercising a reasonable discretion, shall be the sole judge as to whether the goods involved in any loss under this policy are fit for consumption and no goods so deemed by the Insured to be unfit for consumption shall be sold or otherwise disposed of except by the Insured or with the Insured's consent, but the Insured shall allow this Company any salvage obtained by the Insured on any sale or other disposition of such goods.

## 21. MACHINERY

In case of loss or damage by a peril insured against to any part of a machine or unit held either for sale or use consisting of two or more parts when complete, the liability of the Company shall be limited to the value of the part or parts lost or damaged or, at the Insured's option, to the cost and expense of replacing or duplicating the lost or damaged part or parts or of repairing the machine or unit provided that such option shall not exceed the lowest of the above.

## 22. PAIR AND SET

Except as provided under the Machinery clause, in the event of loss or damage by a peril insured against to any article or articles which are a part of a pair or set, the measure of loss or damage to such article or articles shall be a reasonable and fair proportion of the total value of the pair or set, giving consideration to the importance of said article or articles, but in no event shall such loss or damage be construed to mean total loss of the pair or set.

### 23. NOTICE OF LOSS

The Insured shall, as soon as practicable, report to this Company or its agent every loss, damage or occurrence that may give rise to a claim under this policy.

### 24. PROOF OF LOSS

In the event of loss or damage hereunder it is a condition precedent to the Insured's right of recovery that the Insured, within 90 days following demand therefor by the Company, render a signed and sworn proof of loss to the Company or its appointed representative stating: the place, time, and cause of the loss, damage, or expense; the interest of the Insured and all others in the damaged or destroyed property; the value of the property involved in the loss; and the amount of loss, damage, or expense.

### 25. PAYMENT OF LOSS

All adjusted claims shall be due and payable thirty (30) days after presentation and acceptance of satisfactory proof(s) of loss by this Company or its appointed representative.

### 26. PARTIAL PAYMENT OF LOSS

It is understood that the Company may make partial payments of claims subject to the policy provisions and the normal policy adjustment provisions. The Insured shall submit a partial Proof of Loss with all supporting documentation, at the request of the Company, to obtain such partial payment of claim.

### 27. AUTOMATIC REINSTATEMENT OF LIMITS

With the exception of loss caused by perils which are subject to annual aggregate limits as noted in the Limits of Liability clause, any loss hereunder shall not reduce the amount of this policy.

### 28. SUIT AGAINST THE COMPANY

No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twenty-four months next after inception of the loss.

### 29. APPRAISAL

If the Insured and the Company fail to agree on the amount of loss, each upon written demand either of the Insured or of the Company made within sixty (60) days after receipt of proof of loss by the Company, shall select a competent and disinterested appraiser. The appraisers shall then select a competent and disinterested umpire. If they should fail for fifteen (15) days to agree upon such umpire, then upon the request of the Insured or of the Company such an umpire shall be selected by a judge of a court of record in the county and state in which such appraisal is pending. Then at a reasonable time and place, the appraisers shall appraise the loss stating separately the value at the time of loss and the amount of loss. If the appraisers fail to agree, they shall submit their differences to the umpire. An award in writing of any two shall determine the amount of loss. The Insured and the Company shall each pay his or its chosen appraiser and shall bear equally the other expense of the appraisal and of the umpire. For the purposes of this provision, values as stated above shall mean that value used by the Insured in making annual reports under this insurance.

### 30. ASSISTANCE AND COOPERATION OF THE INSURED

The Insured shall cooperate with the Company, and, upon the Company's request and expense, shall attend hearings and trials and shall assist in effecting settlements, in securing and giving evidence, in obtaining the attendance of witnesses, and in conducting suits.

### 31. SUE AND LABOR

In case of actual (or imminent, with prior notice to and approval from this Company) loss or damage by a peril Insured against, it shall, without prejudice to the insurance, be lawful and necessary for the Insured, their factors, servants, or assigns to sue, labor, and travel for, in, and about the defense, the safeguard, and the recovery of the property, or any part of the property, insured hereunder without prejudice to this insurance; nor, in the event of loss or damage, shall the acts of the Insured or of the Company in recovery, saving, and preserving the insured property be considered a waiver or an acceptance of abandonment. The expenses so incurred shall be borne by the Insured and the Company in accordance with the policy conditions in regard to losses including deductible application.

## 32. CANCELLATION

A. This policy may be cancelled at any time at the request of the Insured or it may be canceled by the Company by mailing to the Insured at the address shown in the Declaration hereof written notice stating not less than thirty (30) days thereafter such cancellation shall be effective; ten (10) days if for nonpayment of premium.

B. The mailing of such notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the Insured or by the Company shall be equivalent to mailing.

C. Cancellation shall not affect coverage on any shipment in transit, if any, on the date of cancellation. Coverage will continue in force until such property is delivered and accepted.

## 33. PROTECTION MAINTENANCE

It is agreed that any protection provided for the safety of the insured property shall be maintained in good order throughout the currency of this policy and shall be in use at all times out of business hours or when the Insured's premises are left unattended, and that such protection shall not be withdrawn or varied to the detriment of the interests of the Company without their consent.

## 34. INSPECTION AND AUDIT

The Company shall be permitted but not obligated to inspect the Insured's property at any time. Neither the company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the Insured or others, to determine or warrant that such property is safe.

The Company may examine and audit the Insured's books and records at any time during the Policy period and extensions thereof and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

## 35. ABANDONMENT

There shall be no abandonment to the Company of any property.

## 36. VACANCY AND/OR UNOCCUPANCY

Unless otherwise endorsed hereto, this Company shall not be liable for loss or damage to any property that has remained vacant or unoccupied for a period of sixty (60) or more days.

## 37. FALSE OR FRAUDULENT CLAIMS

If the Insured shall make any claim knowing the same to be false or fraudulent, as regards amount or otherwise, this Policy shall become void, and all claims hereunder shall be forfeited.

## 38. ASSIGNMENT

Assignment or transfer of this Policy shall not be valid except with the written consent of the Underwriters.

## 39. MORTGAGE CLAUSE

Loss or damage, if any, under this policy shall be payable to the mortgagee(s), as scheduled on this policy, as their interest(s) may appear, and this insurance, as to the interest(s) of mortgagee(s) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the described property, nor by any foreclosure or other proceedings or notice of sale relating to the described property, nor by any change in title or ownership of the property, nor by occupation of the premises for purposes more hazardous than are permitted by this policy provided that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee shall, on demand, pay the same. Provided also, that the mortgagee shall notify this Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee and, unless permitted by this policy, it shall be noted thereon and the mortgagee shall, on demand, pay the premium for such increased hazard for the term of use thereof; otherwise this policy shall be null and void. Provided also, that in case the mortgagor shall neglect to provide Proof of Loss under the conditions of this policy, the mortgagor within 90 days of notice by this Company shall submit such Proof of Loss.

MAN
PR9545 (09/02)

14

INSURED'S COPY

This Company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee for ten (10) days after notice to the mortgagee of such cancellation and shall then cease and this Company shall have the right, on like notice, to cancel this agreement.

Whenever the Company shall pay the mortgagee any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefore existed, the Company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made.

### 10. FULL WAIVER

The terms and conditions of this form and endorsements are substituted for those of the policy to which it is attached, terms and conditions and endorsements of latter being waived.

### 41. ERRORS & OMISSIONS

Any unintentional error or omission made by the Insured in reporting locations or values shall not void or impair the insurance hereunder provided the Insured reports such error or omission as soon as reasonably possible after discovery and pays appropriate premium thereon.

### 42. CONFORMITY TO STATUTE

Terms of this policy in conflict with the written laws of any state in which this policy is issued, which are applicable to this policy, are changed to conform to such laws.

### 43. TITLES OF PARAGRAPHS

The titles of the paragraphs of this form and of endorsements and supplemental contracts, if any, nor or hereafter attached hereto are inserted solely for convenience of reference and shall not be deemed in any way to limit or affect the provisions to which they relate.

## OCCURRENCE LIMIT OF LIABILITY

It is understood and agreed that the following special terms and conditions apply to this policy:

1. The limit of liability or Amount of Insurance shown on the face of this policy, or endorsed onto this policy, is the total limit of the Company's liability applicable to each occurrence, as hereafter defined. Notwithstanding any other terms and conditions of this policy to the contrary, in no event shall the liability of the Company exceed this limit or amount irrespective of the number of locations involved.

   The term "occurrence" shall mean any one loss, disaster, casualty or series of losses, disasters, or casualties, arising out of one event. When the term applies to loss or losses from the perils of tornado, cyclone, hurricane, windstorm, hail, flood, earthquake, volcanic eruption, riot, riot attending a strike, civil commotion, and vandalism and malicious mischief one event shall be construed to be all losses arising during a continuous period of 72 hours. When filing proof of loss, the Insured may elect the moment at which the 72 hour period shall be deemed to have commenced, which shall not be earlier than the first loss to the covered property occurs.

2. The premium for this policy is based upon the Statement of Values on file with the Company, or attached to this policy. In the event of loss hereunder, liability of the Company, subject to the terms of paragraph one (1) above, shall be limited to the least of the following:

   a. The actual adjusted amount of loss, less applicable deductible(s).

   b. The total stated value for the property involved, as shown on the latest Statement of Values on file with the Company, less applicable deductible(s).

   c. The limit of Liability or Amount of Insurance shown on the face of this policy or endorsed onto this policy.

PR9014(Ed.01/91)
LX1083

POLLUTION, CONTAMINATION, DEBRIS REMOVAL
EXCLUSION ENDORSEMENT

1. Property Not Covered

   This policy does not cover land, land values or water.

2. Pollution and Contamination Exclusion.

   This policy does not cover loss or damage caused by, resulting from, contributed to or made worse by actual, alleged or threatened release, discharge, escape or dispersal of CONTAMINANTS or POLLUTANTS, all whether direct or indirect, proximate or remote or in whole or in part caused by, contributed to or aggravated by any physical damage insured by this policy.

   Nevertheless, if fire is not excluded from this policy and a fire arises directly or indirectly from seepage or contamination or pollution, any loss or damage insured under this policy arising directly from that fire is insured, subject to the provisions of this policy.

   CONTAMINANTS or POLLUTANTS means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste, which after its release can cause or threaten damage to human health or human welfare or causes or threatens damage, deterioration, loss of value, marketability or loss of use to property insured hereunder, including, but not limited to, bacteria, fungi, virus, or hazardous substances as listed in the Federal Water, Pollution Control Act, Clean Air Act, Resource Conservation and Recovery Act of 1976, and Toxic Substances Control Act or as designated by the U. S. Environmental Protection Agency. Waste includes materials to be recycled, reconditioned or reclaimed.

   This exclusion shall not apply when loss or damage is directly caused by fire, lightning, aircraft impact, explosion, riot, civil commotion, smoke, vehicle impact, windstorm, hail, vandalism, malicious mischief. This exclusion shall also not apply when loss or damage is directly caused by leakage or accidental discharge from automatic fire protective systems.

3. Asbestos Exclusions

   This policy does not cover -

   a) Asbestos, dioxin or polychlorinated biphenols (hereinafter all referred to as "Materials") removal from any good, product or structure unless the asbestos is itself damaged by fire, lightning, aircraft impact, explosion, riot, civil commotion, smoke, vehicle impact, windstorm or hail, vandalism, malicious mischief, leakage or accidental discharge from automatic fire protective system.

   b) Demolition or increased cost of reconstruction, repair, debris removal or loss of use necessitated by the enforcement of any law or ordinance regulating such Materials;

   c) Any governmental direction or request declaring that such Materials present in or part of or utilized on any undamaged portion of the insured's property can no longer be used for the purpose for which it was intended or installed and must be removed or modified.

   The coverage afforded does not apply to payment for the investigation or defense of any loss, damage or any cost, loss of use expense, fine or penalty or for any expense or claim or suit related to any of the above.

4. Debris Removal Exclusion

   The Company will pay the expense within the sum insured to remove debris of insured property damaged or destroyed by an insured peril during the policy term.

   The Company will not pay the expense to:

   a) Extract contaminants or pollutants from the debris; or

   b) Extract contaminants or pollutants from land or water; or

   c) Remove, restore or replace contaminated or polluted land or water; or

1 of 2

PR9015(Ed.01/91)
LX1093

d) Remove or transport any property or debris to a site for storage or decontamination or decontaminate in use the property or debris is affected by pollutants or contaminants, whether or not such removal, transport, or decontamination is required by law or regulation.

It is a condition precedent to recovery under this extension that the Company shall have paid or agreed to pay for direct physical loss or damage to the property insured hereunder and that the Insured shall give written notice to the Company of intent to claim for cost of removal of debris or cost to clean up not later than 180 days after the date of such physical loss or damage.

5. Authorities Exclusion

Notwithstanding any of the provisions of this policy, the Company shall not be liable for loss, damage, costs, expenses, fines or penalties incurred or sustained by or imposed on the Insured at the order of any Government Agency, Court or other Authority arising from any cause whatsoever.

LEXINGTON INSURANCE COMPANY

## Standard Property Conditions

This endorsement effective 08/28/05, forms a part of Policy Number 7478731

issued to CONSOLIDATED COMPANIES INC   by

Lexington Insurance Company   (hereinafter called "the Company").

In consideration of the premium charged, the following clauses are hereby made applicable under this policy.

### MINIMUM EARNED PREMIUM CLAUSE

In the event of cancellation of this policy by the Insured, a minimum premium of $74,041 shall become earned, any provision of the policy to the contrary notwithstanding.

Failure of the Insured to make timely payment of premium shall be considered a request by the Insured for the Company to cancel on the Insured's behalf. In the event of such cancellation for non-payment of premium, the minimum earned premium shall be due and payable; provided, however, such cancellation shall be rescinded if the Insured remits and the Company receives the full policy premium with 10 days after the date of issuance of the cancellation notice. Such remittance and acceptance by the Company shall not effect the minimum earned premium provision of this endorsement. In the event of any other cancellation by the Company, the earned premium shall be computed pro-rata, not subject to the minimum earned premium.

### POLICY DEDUCTIBLE

Each claim for loss or damage separately occurring shall be adjusted separately and from each such adjusted claim, the amount of $25,000 shall be deducted. Notwithstanding the foregoing, the deductible amount applying to certain peril(s) insured against by this policy shall be as follows:

$25,000.   deductible applying to PER OCCURRENCE EXCEPT;
           deductible applying to 2% OF TIV, SUBJECT TO MINIMUM OF
           deductible applying to $100,000- WIND/HAIL IN DESIGNATED
           deductible applying to COASTAL AREAS (ALL FLORIDA AND ALL TIER
           deductible applying to 1 OTHER STATES UP TO AND INCLUDING VA.

In the event of any other insurance covering the property insured hereunder, whether or not concurrent, the deductible(s) specified herein shall apply in full against that portion of any claim for loss or damage which the Company is called upon to pay under the provisions of the Apportionment Clause irrespective of any provisions to the contrary of such other insurance.

### CANCELLATION CLAUSE

Except and to the extent of the Minimum Earned Premium Clause which is part of this policy, this clause supersedes other cancellation clauses made a part of this policy.

CANCELLATION: This policy may be cancelled by the Insured by surrender thereof to the Company or by mailing to the Company written notice stating when thereafter such cancellation shall be effective. This policy may be cancelled by the Company by mailing to the Insured, at the mailing address shown in this policy or last known address, written notice, stating when, not less than 30 days thereafter (10 days for non-payment of premium) such cancellation shall be effective. The effectiveness of cancellation is not dependent on the return of unearned premium with the notice. Proof of mailing of notice as aforesaid shall be sufficient proof of notice. The effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the Insured or the Company shall be equivalent to mailing. If the Insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the Company cancels, earned premium shall be computed pro rata. Premium adjustment shall be made as soon as practicable after cancellation becomes effective.

### SERVICE OF SUIT CLAUSE

Service of Suit: In the event of failure of the Company to pay any amount claimed to be due hereunder, the Company, at the request of the Insured, will submit to the jurisdiction of a court of competent jurisdiction within the United States. Nothing in this condition constitutes or should be understood to constitute a waiver of the Company's rights to commence an action in any court of competent jurisdiction in the United States to remove an action to a United States District Court or to seek a transfer of a case to another court as permitted by the laws of the United States or of any state in the United States. It is further agreed that service or process in such suit may be made upon Counsel, Legal Department, Company stated on Declarations, 100 Summer Street, Boston, Massachusetts, 02110-2103, or his or her representative, and that in any suit instituted against the Company upon this policy, the Company will abide by the final decision

1 of 2

PR9019 (Ed.01/94)
LX1101

of such court or of any appellate court in the event of an appeal.

Further, pursuant to any statute of any state, territory, or district of the United States which makes provision therefor, the Company hereby designates the Superintendent, Commissioner or Director of Insurance, other officer specified for that purpose in the statute, or his successor or successors in office as its true and lawful attorney upon whom may be served any lawful process in any action, suit, or proceeding instituted by or on behalf of the Insured or any beneficiary hereunder arising out of this policy of insurance and hereby designates the above named Counsel as the person to whom the said officer is authorized to mail such process or a true copy thereof.

## WAR RISK EXCLUSION CLAUSE

The Company shall not be liable for any loss, caused directly or indirectly, by (1) hostile or warlike action in time of peace or war, whether or not declared, including action in hindering, combating or defending against an actual, impending or expected attack (a) by government or sovereign power (dejure or de facto) or by any authority maintaining or using military, naval or air forces; or (b) by military, naval or air forces; or (c) by an agent of any such government, power, authority or force (2) any weapon of war employing atomic fission or radioactive force whether in time of peace or war, whether or not its discharge was accidental; (3) insurrection, rebellion, revolution, civil war, usurped power, or action taken by government authority in hindering, combating, or defending against such an occurrence, seizure or destruction; (4) any consequence of any of the foregoing.

## NUCLEAR EXCLUSION CLAUSE

The Company shall not be liable for loss by nuclear reaction or nuclear radiation or radioactive contamination all whether controlled or not, and whether such loss be direct or indirect, proximate or remote, or be in whole or in part caused by, contributed to, or aggravated by the peril(s) insured against in this policy. If the peril of fire is insured under this policy, then, subject to the foregoing and all provisions of this policy, direct loss by fire resulting from nuclear reaction or nuclear radiation or radioactive contamination is insured against by this policy.

## SALVAGE AND RECOVERY CLAUSE

All salvages, recoveries and payments recovered or received either prior or subsequent to a loss settlement under this policy shall be applied as if recovered or received prior to the said settlement and all necessary adjustments shall be made by the parties hereto, including deduction of the Company's cost of recovery or salvage.

## REPORTING CLAUSE

Notwithstanding that the Insured may be obligated to report full values for premium purposes, the Company's maximum limit of liability shall not exceed that amount stated as the policy limit of liability.

## PROOF OF LOSS AND PAYMENT

The Insured shall complete and sign a sworn proof of loss within ninety (90) days after the occurrence of a loss (unless such period be extended by the written agreement of the Company) stating the time, place and cause of loss, the interest of the Insured and of all others in the property, the sound value thereof and the amount of loss or damage thereto, and all other insurance thereon. All adjusted claims shall be due and payable thirty (30) days after the presentation and acceptance of satisfactory proof(s) of loss at the office of the Company at 100 Summer Street, Boston, Massachusetts 02110-2103.

## GOVERNMENT ACTIVITY CLAUSE

The Company shall not be liable for loss or damage caused by or resulting from: (1) the seizure or destruction of property insured by this policy by any government body, including any customs or quarantine action, or (2) confiscation or destruction of any property by order of any government or public authority, except an order to destroy property to prevent the spread of fire or explosion.

IN WITNESS WHEREOF, the Company has caused this policy to be executed and attested, but this policy shall not be valid unless countersigned in the Declarations by one of its duly authorized representatives.

*Elizabeth M. Tuck*
Secretary

*L. H. Lilly*
Chairman of the Board and CEO

2 of 2

PR9019 (Ed.01/94)
LX1101

INSURED'S COPY

ENDORSEMENT

This endorsement, effective 12:01 AM 08/28/2005

Forms a part of policy no.: 7478731

Issued to: CONSOLIDATED COMPANIES INC

By: LEXINGTON INSURANCE COMPANY

## PROPERTY MILLENNIUM ENDORSEMENT

It is noted and agreed this policy is hereby amended as follows:

A. The Insurer will not pay for Damage or Consequential Loss directly or indirectly caused by, consisting of, or arising from, the failure of any computer, data processing equipment, media microchip, operating systems, microprocessors (computer chip), integrated circuit or similar device, or any computer software, whether the property of the Insured or not, and whether occurring before, during or after the year 2000 that results from the inability to:

   1. correctly recognize any date as its true calendar date;

   2. capture, save, or retain, and/or correctly manipulate, interpret or process any data or information or command or instruction as a result of treating any date other than its true calendar date; and/or

   3. capture, save, retain or correctly process any data as a result of the operation of any command which has been programmed into any computer software, being a command which causes the loss of data or the inability to capture, save, retain or correctly process such data on or after any date.

B. It is further understood that the Insurer will not pay for the repair or modification of any part of an electronic data processing system or its related equipment, to correct deficiencies or features of logic or operation.

C. It is further understood that the Insurer will not pay for Damage or Consequential Loss arising from the failure, inadequacy, or malfunction of any advice, consultation, design, evaluation, inspection, installation, maintenance, repair or supervision done by the Insured or for the Insured or by or for others to determine, rectify or test, any potential or actual failure, malfunction or inadequacy described in A. above.

Such Damage or Consequential Loss described in A, B, or C above, is excluded regardless of any other cause that contributed concurrently or in any other sequence.

This endorsement shall not exclude subsequent Damage or Consequential Loss, not otherwise excluded, which itself results from a Defined Peril. Defined Peril shall mean fire, lightning, explosion aircraft or vehicle impact, falling objects, windstorm, hail, tornado, hurricane, cyclone, riot, strike, civil commotion, vandalism, malicious mischief, earthquake, volcano, tsunami, freeze or weight of snow.

In consequence of all the foregoing the Annual Premium remains unaltered.

All other terms, conditions and exclusions of this policy remain unchanged.

AUTHORIZED REPRESENTATIVE
OR Countersignature (In states where applicable)

69859 (2/98)

This endorsement, effective 12:01 AM 08/28/2005

Forms a part of policy no.: 7478731

Issued to: CONSOLIDATED COMPANIES INC

By: LEXINGTON INSURANCE COMPANY

## PROPERTY ENDORSEMENT

It is noted and agreed that this policy is hereby amended as follows:

The Insurer will not pay for Damage or Consequential loss directly or indirectly caused by, consisting of, or arising from:

1. Any functioning or malfunctioning of the internet or similar facility, or of any intranet or private network or similar facility,

2. Any corruption, destruction, distortion, erasure or other loss or damage to data, software, or any kind of programming or instruction set,

3. Loss of use or functionality whether partial or entire of data, coding, program, software, any computer or computer system or other device dependent upon any microchip or embedded logic, and any ensuing liability or failure of the Insured to conduct business.

This Endorsement shall not exclude subsequent damage or Consequential loss, not otherwise excluded, which itself results from a Defined Peril. Defined Peril shall mean: Fire, Lightning, Earthquake, Explosion, Falling Aircraft, Flood, Smoke, Vehicle Impact, Windstorm or Tempest.

Such Damage or Consequential loss described in 1, 2, or 3 above is excluded regardless of any other cause that contributed concurrently or in any other sequence.

All other terms, conditions and exclusions of this policy remain unchanged.

_____
Authorized Representative OR
Countersignature (In states where applicable)

PH9514 (09/02)

This endorsement, effective 12:01 AM 08/28/2005

Forms a part of policy no.: 7478731

Issued to: CONSOLIDATED COMPANIES INC

By: LEXINGTON INSURANCE COMPANY

## WAR RISK AND TERRORIST EXCLUSION

It is hereby understood and agreed, that notwithstanding any other war risk or terrorist exclusion that may be in the policy or any clause limiting or attempting to limit the application of any endorsements to the policy, this policy is amended as follows:

The policy does not cover loss or damage to property caused by, resulting from, contributed to or aggravated by any of the following perils, whether such loss or damage is accidental or intentional, intended or unintended, direct or indirect, proximate or remote or in whole or in part caused by, contributed to or aggravated by any perils insured by the policy:

(1) war, hostile or warlike action in time of peace or war, whether or not declared, including action in hindering, combating or defending against an actual, impending or expected attack:

   (a) by government or sovereign power (de jure or de facto) or by any authority maintaining or using military, naval or air forces; or

   (b) by military, naval or air forces; or

   (c) by an agent of any such government, power, authority or force.

(2) any weapon of war employing atomic fission or radioactive force whether in time of peace or war, whether or not its discharge was accidental;

(3) insurrection, rebellion, revolution, civil war, usurped power, or action taken by government authority in hindering, combating, or defending against such an occurrence, seizure or destruction;

(4) any act of one or more persons, whether known or unknown and whether or not agents of a sovereign power, for Terrorist purposes;

(5) hijacking or any unlawful seizure or wrongful exercise or control of any mode of transportation, including but not limited to aircraft, watercraft, truck(s), train(s) or automobile(s), including any attempted seizure of control, made by any person or persons, for Terrorist purposes.

Such loss or damage is excluded regardless of any other cause, event or intervention that contributes concurrently or in any sequence to the loss or damage.

Terrorist purpose means the use or threatened use of any unlawful means, including the use of force or violence against any person(s) or property (ies), for the actual or apparent purpose of intimidating, coercing, punishing or affecting society or some portion of society or government.

All other terms, conditions and exclusions of the policy remain unchanged.

Authorized Representative OR
Countersignature (In states where applicable)

PR9513 (09/01)

## SCHEDULE OF LIMITS, SUBLIMITS AND DEDUCTIBLES

Policy number: 7478731

Issued to: CONSOLIDATED COMPANIES INC

### LIMITS OF LIABILITY

The Company insures up to and shall not be liable for more than $ 25,000,000. per occurrence.

### SUBLIMITS OF LIABILITY

| | | |
|---|---|---|
| A. | $ INCLUDED | Per Occurrence for all Real & Personal Property, |
| B. | $ INCLUDED | Per Occurrence for all Business Interruption, |
| C. | $ NOT COVERED | Per Occurrence for all Extra Expense, |
| D. | $ INCLUDED | Per Occurrence for Rental Value, |
| E. | $ NOT COVERED | Per Occurrence for Demolition and Increased Cost of Construction, |
| F. | $ NOT COVERED | Per Occurrence for all Valuable Papers, |
| G. (1) | $ NOT COVERED | Per vehicle, for all Property in Transit, |
| (2) | $ NOT COVERED | Per occurrence, for all Property in Transit, |
| H. (1) | $ NOT COVERED | Per occurrence, for all Electronic Data Processing Equipment, |
| (2) | $ NOT COVERED | Per occurrence, for all Electronic Data Processing Media, |
| (3) | $ NOT COVERED | Per occurrence, for all Electronic Data Processing Extra Expense, |
| I. | $ NOT COVERED | For Newly Acquired Property for a period of 60 days, if not reported to the Company in that 60 day period coverage ceases, |
| J. | $ EXCLUDED | In the aggregate for any one policy year for the peril of Flood, |
| K. | $ EXCLUDED | In the aggregate for any one policy year for the peril of Earthquake, |
| L. | $ NOT COVERED | Errors and Omissions, |
| M. | $ NOT COVERED | Offsite Storage Locations, |
| N. | $ NOT COVERED | Personal Property of the Insured's officers and employees while on the premises of the Insured. |

O.  OTHER SUBLIMITS (define and list below):

$ 1,000,000.   PROPERTY OF OTHERS

$

$

Sublimits of Liability, stated above are within, and do not increase, the Limits of Liability stated above.

**DEDUCTIBLES:**

The following deductibles, referenced as "see schedule" in the Manuscript All Risk Form, Section 4. DEDUCTIBLES, shall read as follows:

A. All loss, damage, and/or expense arising out of any one occurrence shall be adjusted as one loss, and from the amount of each such adjusted loss shall be deducted the sum of $25,000 except;

B. Earthquake: The sum of **Not Covered** shall be deducted from any adjusted loss due to Earthquake except in the State of California where **Not Covered** of the total values at the time of loss at each location involved in the loss subject to a minimum of **Not Covered** for any one occurrence shall be deducted from any adjusted Earthquake loss;

D. Windstorm and Hail: The following sum(s) shall be deducted from any adjusted loss due to Windstorm and Hail;

    (2) With respect to all other locations, all loss, damage, and/or expense arising out of any one occurrence shall be adjusted as one loss, and from the amount of each such adjusted loss shall be deducted the sum of $**See Below**;

All other deductibles as shown in the Manuscript All Risk Form, Section 4. DEDUCTIBLES, remain the same unless otherwise indicated below.

WIND/HAIL DEDUCTIBLE - 2% OF TOTAL INSURED VALUE, SUBJECT TO MINIMUM OF $100,000 - IN DESIGNATED COASTAL AREAS (ALL FLORIDA AND ALL TIER ONE OTHER STATES UP TO AND INCLUDING VIRGINIA).

$25,000 - WIND/HAIL ALL OTHER LOCATIONS

ENDORSEMENT

This endorsement, effective 12:01 AM 08/28/2005

Forms a part of policy no.: 7478731

Issued to: CONSOLIDATED COMPANIES INC

By: LEXINGTON INSURANCE COMPANY

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

MOLD / FUNGUS EXCLUSION

In consideration of the premium charged, it is hereby understood and agreed that this policy is amended as follows.

The Company shall not be liable for any loss or damage caused by, arising out of, contributed to, or resulting from fungus, mold(s), mildew or yeast; or any spores or toxins created or produced by or emanating from such fungus, mold(s), mildew or yeast;

(a) fungus includes, but is not limited to, any of the plants or organisms belonging to the major group fungi, lacking chlorophyll, and including mold(s), rusts, mildews, smuts and mushrooms;

(b) mold(s) includes, but is not limited to, any superficial growth produced on damp or decaying organic matter or on living organisms, and fungi that produce mold(s);

(c) spores means any dormant or reproductive body produced by or arising or emanating out of any fungus, mold(s), mildew, plants, organisms or microorganisms,

regardless of any other cause or event that contributes concurrently or in any sequence to such loss.

All other terms, conditions, definitions, exclusions, limitations and provisions of the Policy remain the same.

_____
Authorized Representative OR
Countersignature (In states where applicable)

LX9512 (08/02)

INSURED'S COPY

ENDORSEMENT # 1

This endorsement, effective 12:01 AM       08/28/2005

Forms a part of policy no.:    7478731

Issued to:    CONSOLIDATED COMPANIES, INC.

By:    LEXINGTON INSURANCE COMPANY

## TIME ELEMENT INTERDEPENDENCY

THIS ENDORSEMENT MODIFIES THE POLICY. PLEASE READ IT CAREFULLY

*This endorsement modifies coverage provided by the*

"IF THERE IS A "COVERED LOSS" AT AN INSURED LOCATION THAT INVOLVES INTERDEPENDENCY AT ONE OR MORE INSURED LOCATIONS, THE "COVERED LOSS" INCLUDING ANY RESULTING INTERDEPENDENCY LOSS, WILL BE ADJUSTED BASED ON THE TIME ELEMENT COVERAGE THAT APPLIES AT THE INSURED LOCATION WHERE THE DIRECT PHYSICAL LOSS OR DAMAGE INSURED BY THIS POLICY OCCURRED".

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.



Authorized Representative OR
Countersignature (in states where applicable)

Page 1 of 1

INSURED'S COPY

This endorsement, effective 12:01 AM 08/28/2005

Forms a part of policy no.: 7478731

Issued to: CONSOLIDATED COMPANIES INC

By: LEXINGTON INSURANCE COMPANY

IN ACCORDANCE WITH THE TERMS AND CONDITIONS OF THE POLICY, IT IS UNDERSTOOD AND AGREED, AS RESPECTS THE ALL RISK MANUSCRIPT FORM, FORM NO.: PR9545 (ED. 08/02), SECTION 4 - DEDUCTIBLES - ITEM C. FLOOD, 1, 2, AND 3 ARE AMENDED TO READ "NOT COVERED" IN LIEU OF WHAT IS SHOWN ON THE FORM.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

Authorized Representative OR
Countersignature (In states where applicable)

LEXDOC021
LX0404

INSURED'S COPY

This endorsement, effective 12:01 AM 08/28/2005

Forms a part of policy no.: 7478731

Issued to: CONSOLIDATED COMPANIES INC

By: LEXINGTON INSURANCE COMPANY

IN ACCORDANCE WITH THE TERMS AND CONDITIONS OF THE POLICY, IT IS UNDERSTOOD AND AGREED AS RESPECTS SCHEDULE OF LIMITS, SUBLIMITS AND DEDUCTIBLES, FORM NO.: PR9540 (ED. 09/02) - ITEM C. IS AMENDED TO READ:

$INCLUDED        PER OCCURRENCE FOR ALL EXTRA EXPENSE

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

DOC021
14

Authorized Representative OR
Countersignature (In states where applicable)

INSURED'S COPY