UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| CONSOLIDATED COMPANIES, INC. | * | CIVIL ACTION NO. 06-4700 |
|---|---|---|
| | * | |
| VERSUS | * | SECTION "S" |
| | * | MAG. 1 |
| LEXINGTON INSURANCE COMPANY | * | |
| | * | JUDGE MARY ANN VIAL LEMMON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF CONSOLIDATED COMPANIES, INC. IN
OPPOSITION TO MOTION TO COMPEL OF LEXINGTON INSURANCE COMPANY
AND IN SUPPORT OF ITS MOTION TO QUASH SUBPOENAS**

NOW COMES Consolidated Companies, Inc. ("Conco") who submits the following Memorandum in Opposition to the Motion to Compel of Lexington Insurance Company ("Lexington") and in Support of its Motion to Quash Subpoenas.

**Background**

The pendency of Lexington's Motion to Compel Conco to respond to dilatory discovery is the latest episode in a consistent pattern by Lexington of dragging its feet during discovery and ignoring court-imposed deadlines.

On January 26, 2007 the Court, at a scheduling conference, set a discovery cutoff date of July 24, 2007, a pre-trial conference for August 23, 2007, and trial for September 17, 2007. The order made it clear that discovery had to be *completed* by the cutoff date. The scheduling order

spread out the various dates to give the parties plenty of time to complete discovery in time for the pre-trial conference and trial (copy of Order attached as Exhibit A).

Conco promptly started its discovery to allow it ample time for completion within the schedule. On April 10, 2007 Conco served Interrogatories and a Request for Documents on Lexington. Lexington did not respond on time. Conco filed a Motion to Compel together with a Motion for Expedited Hearing

The Court granted Conco's Motion for Expedited Hearing and its Motion to Compel and on its own initiative, as a result of Lexington's delay in timely responding to discovery, extended the discovery cutoff date until August 10, 2007 (copy of Order attached as Exhibit B).

Lexington did not adequately respond to Conco's Interrogatories and Request for Production of Documents even after being ordered by the Court to do so. Consequently, on June 6, 2007 Conco had to file a Second Motion to Compel and another Motion for Expedited Hearing in which it requested sanctions because of Lexington's delay in what should have been a routine discovery process.

In its Reply Memorandum filed on June 13, 2007 in Support of its Second Motion to Compel Conco made it clear that in view of the approaching cutoff dates (including the discovery cutoff date of August 10, 2007) *time was of the essence.* On page 2 of its Reply Memorandum Conco said:

> The discovery cutoff date is less than two months away (August 10, 2007. Many deposition of out of town witnesses are going to be necessary during the height of vacation season. Conco needs the interrogatories properly answered and the production of documents listed as "work product" on Lexington's log to thoroughly take depositions and prepare for trial.
>
> To state the matter bluntly Conco doesn't have any more time to argue about the interrogatories and <u>does</u> <u>not</u> <u>want</u> <u>to</u> <u>lose</u> <u>its</u> <u>trial</u> <u>date</u>

<u>on September 17, 2007</u>. (emphasis supplied)  (copy attached as Exhibit C).

After the Court granted Conco's Second Motion to Compel, Conco finally got answers to its interrogatories on June 28, 2007, some two and a half months after they were served.  In the meantime, Conco's counsel by e-mail on May 25, 2007, asked Lexington's counsel for dates for deposition scheduling (copy of e-mail attached as Exhibit D).  By return e-mail Lexington's counsel promised a prompt reply (e-mail attached as Exhibit E).  But Conco did not receive any deposition dates from Lexington's counsel until *a month later* and then only after Conco threatened to bring the matter before the Magistrate (see e-mails exchanged on June 26, 2007 attached as Exhibit F).

Having received no dates from Lexington's counsel in response to its e-mail requests and to get going on depositions, Conco noticed, on June 6, 2007, the depositions of Lexington witnesses during June and early July (copy of Notice attached as Exhibit G).  Conco received no cooperation by Lexington in complying with the Notice.  Conco then served a Second Notice to take depositions (copy attached as Exhibit H).  Lexington refused to produce its CPA-expert and its in-house claims personnel in New Orleans creating the necessity for Conco to serve out of state subpoenas for depositions taken in Boston, Massachusetts and Providence, Rhode Island.  After further e-mails by Conco's counsel putting pressure on Lexington to get the depositions scheduled and completed, all of Conco's depositions were taken on time (copies of e-mails attached as Exhibits I, J & K).

Lexington did not take any depositions of Conco's witnesses until August, 2007 during the last remaining days of the discovery period.  (<u>See</u> Lexington's Notice of Depositions attached hereto as Exhibit L).  Despite the last minute deposition scheduling by Lexington, Conco *voluntarily* produced its out of town witnesses (Ronny Sternfels, Jr. and Charles Hirschi) in New Orleans for the convenience of Lexington's counsel and to complete the depositions within the court's schedule.

On July 20, 2007 Lexington served by mail its Interrogatories and a Request for Documents on Conco. This discovery contained the type of broad requests for information and documents usually undertaken early in the case. Yet the discovery called for interrogatory responses and the production of documents after the discovery cutoff date. Conco filed timely objections to the Interrogatories and Request for Production of Documents. Lexington, on August 10, 2007, the last day of the discovery period, served subpoenas duces tecum on FICON, Inc., Ernst & Young, L.L.P., Legier & Materne, and on August 15, 2007 it served Arthur J. Gallagher Risk Management Service, Inc. ("A.J. Gallagher"), calling for the production by the subpoenaed parties of voluminous documents in New Orleans on August 24, 2007.

## Discussion

Responses to Lexington's Interrogatories and Request for Documents were due on August 22, 2007. The timing of this discovery by Lexington violated the discovery cutoff date set forth in the scheduling order of January 26, 2007 – as extended by the Court. The response date for Lexington's Interrogatories and Request for Documents was the *day before* the August 23, 2007 pre-trial conference set in the scheduling order and after the pre-trial order was supposed to be completed and submitted to the Court. Obviously, the pre-trial order could not have been properly completed if there were additional documents which Lexington intended to use at trial which had not yet been identified and produced.

If Lexington had needed more time to conduct discovery past the cutoff date it could have made a timely request to the Court for permission to extend the discovery cutoff date a second time and to push back completion of the pre-trial order. Of course, Conco would have had an opportunity to express its objections at that point. Lexington also could have utilized provisions in

FRCP 33 and 34 and requested the Court to shorten the response period for their Interrogatories and Requests for Production of Documents. Lexington did not utilize these options.

Absent Court permission, FRCP 29 prohibits "stipulations [between counsel] extending the time provided . . . if they would interfere with any time set for completion of discovery . . . ." Thus, Conco has no obligation to respond to untimely discovery until it is ordered to do so.

The same objection to the timing of Lexington's Interrogatories and Requests for Production of Documents mentioned above applies to the subpoenas served on FICON, Inc., Ernst & Young, L.L.P., Legier & Materne, and A.J. Gallagher. These four subpoenas call for a burdensome production of documents on August 24, 2007 long past the discovery cutoff date and the date for submission of the pre-trial order. Ironically, the subpoenas served on FICON, Inc., Legier & Materne, and A.J. Gallagher call for them to provide voluminous documents in their files after depositions were completed of representatives of their companies. No subpoenas were served on these parties before their depositions.

Each of the subpoenaed parties raised timely objections to the subpoenas, which, if considered individually, will require the Court to delve into proper service, and each of the documentary requests to determine relevance, burden, timing, and privileges, etc. Conco will have to be involved in that time-consuming process since it will have to review the requested documents and consider its own objections such as authenticity, hearsay, privilege, relevance, etc. If Lexington desires to add documents to the listing in the pre-trial order, a motion for permission to do so will be necessary.

With the trial of this case set to commence on September 17, 2007 there is not enough time to consider the specific objections to each of the items listed in the four subpoenas and order production in New Orleans in time for trial. Lexington did not even request that consideration of its

655992_1.DOC

5

Motion to Compel be expedited. If this Court should order responses to any of Lexington's dilatory discovery following the September 12, 2007 hearing date of Lexington's Motion to Compel, only two working days will remain until trial starts on September 17, 2007, one of which (September 13, 2007) is a Jewish holiday.

**Conclusion**

Lexington states in its Memorandum in Support of its Motion to Compel that it is justified in busting the discovery cutoff date imposed in this case because it has faced a "compressed" discovery schedule. But any "compression" facing Lexington is of its own making. Conco has made every effort to follow the rules and has completed all of its discovery on time. Lexington, on the other hand, has missed deadlines and should not be rewarded by jamming Conco's counsel at the last minute in its trial preparation to respond to dilatory discovery. This is not a situation where an unexpected need for isolated documents has come up after the cutoff date. To the contrary, Lexington is attempting broad and burdensome discovery which it should have undertaken long ago. Nor can Lexington legitimately argue that it will be prejudiced because it lacks information about Conco's case. Conco's witnesses have been deposed and it has supplied thousands of documents to Lexington in support of its claims. Lexington's CPA-expert has evaluated those documents in a lengthy and detailed expert report.

Accordingly, Conco requests that the Court deny Lexington's Motion to Compel and quash the subpoenas served on the four parties.

**LEMLE & KELLEHER, L.L.P.**

By: William R. Forrester, Jr.
**ALAN H. GOODMAN** (Bar #6131)
**WILLIAM R. FORRESTER, JR.** (Bar #5712)
**THOMAS M. BENJAMIN** (Bar #18562)
601 Poydras St., 2100 Pan-American Life Center
New Orleans, Louisiana 70130
Telephone: (504) 584-9419
Facsimile: (504) 584-9142
agoodman@lemle.com
Attorneys for Consolidated Companies, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of September, 2007 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: John E.W. Baay II, Robert I. Siegel, and David B. Wilson.

William R. Forrester, Jr.