UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**CONSOLIDATED COMPANIES, INC.**                                            **CIVIL ACTION**

**VERSUS**                                                                   **NO:  06-4700-MVL-SS**

**LEXINGTON INSURANCE COMPANY**

## ORDER

CONCO'S MOTION FOR PROTECTIVE ORDER (Rec. doc. 102)

**GRANTED**

Before the undersigned is the motion of the plaintiff, Consolidated Companies, Inc. ("Conco"), to quash subpoena duces tecum.  Once again the parties disagree over the meaning of discovery orders.[1]  On March 5, 2008, the District Judge ordered that limited discovery was reopened "regarding the supplemental expert report on the business interruption claim. . . ."  Rec. doc. 88.  The District Judge issued this order in response to Lexington's appeal of the undersigned's decision of February 1, 2008, denying its motion to reopen discovery.  The February 1, 2008 order stated that "[i]f discovery is reopened, it should be limited to discovery regarding the amended report regarding plaintiff's business interruption claim. . . .  Rec. doc. 83 at 3.  This was prompted by one of the issues raised in Lexington's motion to reopen discovery.  Rec. doc. 72.  Lexington's memorandum contained the following:

> On May 31, 2007, Conco produced an expert report created by Legier & Materne detailing Conco's business interruption and extra expense claims.  On July

---

[1] Similar issues were the subject of the undersigned's order of May 22, 2008 (Rec. doc. 98) which was appealed by Conco.  Rec. doc. 99.  The District Judge stayed that order pending a resolution of the appeal.  Rec. doc. 101.

> 20, Lexington issued a notice [for] the deposition of William Legier and Jacqueline Tuthill of Legier & Materne. . . On August 7, 2007, as result of questioning during the deposition of William Legier, a supplemental report was issued. . . .
>
> Within three days of receiving the expert report, Lexington served a subpoena duces tecum on Legier & Materne. Legier & Materne objected and refused to provide any of the requested documents. Lexington moved to compel the production of the documents sought by the subpoena issued to Legier & Materne.
>
> In an attempt to discover additional information which served as the basis for Legier & Materne's late-filed supplement to its expert report, on August 10, 2007, the date established as the deadline as the discovery cut-off, Lexington personally served a subpoena duces tecum on Ernst & Young. . . ."

Rec. doc. 72 at pp. 5-6. On September 12, 2007, the undersigned denied Lexington's motions to compel documents from Legier & Materne, Ernst & Young, FICON, Inc. and Arthur Gallagher Risk Management Services, Inc. because they were filed too late. Rec. doc. 58. On December 19, 2007, Lexington urged that the most significant reason for the presence of good cause to reopen discovery was the supplemental exert report. Rec. doc. 72 at 8.

On May 23, 2008, Lexington served a notice of deposition, pursuant to Fed. R. Civ. P. 30(b)(6), of Conco for June 12, 2008. The notice designated thirteen areas of examination. All relate to the 2005 and 2006 budgets and actual result for Conco's Harahan branch. For example, no. 10 states:

> The determination of whether each of the budgeted variances or any portion thereof between the budgeted and actual results for each account in the 2006 budget for Conco's Harahan branch was related to Hurricane Katrina but not related to the physical property damage caused by Hurricane Katrina to Conco's facilities.

Rec. doc. 102 (Exhibit C). Lexington's memorandum does not demonstrate that these areas of examination are related to the supplemental report.

Conco argues that there is no connection between the areas of examination in the notice of its corporate deposition and the supplement to the Legier & Materne report.[2] Lexington noticed the deposition of William Legier for June 19, 2008. Id. (Exhibit B). It urges that Legier's deposition satisfies the requirement to provide discovery regarding the supplemental report. Lexington disagrees and urges that it should be permitted to discover the basis for the supplemental expert report. It contends that it deposed Tuthill of Legier & Materne but she did not fully explain the changes in the supplemental report. It reports that, "she continually stated that the decisions to make changes in the methodology or the calculation were made by Conco personnel without naming the persons with whom she spoke." Rec. doc. 109 at 4.

Tuthill was questioned about the supplemental report and the sources of changes from the prior report. Some of her testimony concerned changes in the percentages for certain costs that Conco contends would continue during a shutdown of its business. For example, she reported that Conco determined that 60 percent of the meals and entertainment for street sales would continue in the event of a complete shutdown. Rec. doc. 109 (Exhibit A at 41-52). As to why it would be 60 percent versus 50 percent or some other percentage, she deferred to Conco. Id. at 43. She testified that at least some of the changes in the percentages that resulted in the supplemental report were provided by Conco. Id. at 51-52.

Lexington deposed Tuthill on August 9, 2007. On August 10, 2007, the deadline for completion of discovery, it sought Ernst & Young's deposition to establish the basis for the supplemental report from Legier & Materne. Although it sought E&Y's deposition, it did not seek Conco's Rule 30(b)(6) deposition. In its December 19, 2007, motion to reopen discovery Lexington

---

[2] Conco reports that the supplement to the Legier & Materne report reduced Conco's business interruption claim by $1,542,700. Rec. doc. 102 at 3.

did not mention a need to depose Conco on the basis for the supplemental report. Legier's deposition will be sufficient to provide Conco with the basis for the supplemental report issued by his firm. A Rule 30(b)(6) deposition of Conco on the areas of examination identified in the May 23, 2008 deposition notice is not within the scope of discovery permitted by the District Judge's order of March 5, 2008.

IT IS ORDERED that Conco's motion for protective order to quash notice of Rule 30(b)(6) deposition (Rec. doc. 102) is GRANTED.

New Orleans, Louisiana, this 11th day of June, 2008.

**SALLY SHUSHAN**
**United States Magistrate Judge**