UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CONSOLIDATED COMPANIES, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-4700** |
| **LEXINGTON INSURANCE COMPANY** | **SECTION: "S" (1)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Consolidated Companies, Inc. motion to reverse the order of the magistrate judge of May 22, 2008, granting Lexington's motion to compel is **DENIED**. (Document #99.)

**IT IS FURTHER ORDERED** that the May 2, 2008, decision of the magistrate judge granting Lexington Insurance Company's motion to compel Arthur J. Gallagher Risk Management Services, Inc. to produce documents is **AFFIRMED**.

### I. BACKGROUND

On March 5, 2008, the court issued an order reversing the decision of the magistrate judge that she did not have the authority to grant Lexington Insurance Company's (Lexington) motion to reopen discovery. The court ordered that limited discovery be reopened as follows:

>discovery regarding the supplemental expert report on the business interruption claim, and production of documents previously identified in the deposition notices of Messrs. Hischi and Sternfels. Discovery is not reopened as to the other written discovery sought by Lexington, but previously denied by the magistrate judge.

Document #88. In response to the court's order, Arthur J. Gallagher Risk Management Services (Gallagher), of which Sternfels is an officer, produced 959 pages of documents. On March 20, 2008, Lexington served a subpoena on Gallagher requesting additional documents.

Lexington filed a motion to compel Gallagher to produce documents, and the magistrate judge granted the motion. The magistrate judge stated that it was the same information sought by Lexington from Sternfels in July and August of 2007 and that it was within the limited discovery ordered by the court. Further, the magistrate judge stated that the information on the placement and renewal of the policy is relevant to Consolidated Companies, Inc.'s (Consolidated) bad faith claims. Consolidated appeals the decision of the magistrate judge.

## II. DISCUSSION

Consolidated argues that pre-Katrina documents relating to the initial placement and renewal of the insurance policy are irrelevant because issues regarding extra expense and business interruption coverage have been resolved. Further, Consolidated argues that the documents are not part of the trial exhibits and have nothing to do with whether Lexington mishandled the adjustment of Consolidated's claims of bad faith. Consolidated contends that the documents requested in the August 2007 subpoena are the same documents that were denied by the magistrate judge in her ruling of September 11, 2007, and disallowed by the court in the order of March 5, 2008.

Lexington argues that the documents requested in the March 20, 2008, subpoena are the same documents sought in July and August of 2007 and are within the limited discovery allowed by the court in reopening discovery.  Specifically, Lexington subpoenaed a broad category of documents in its notice of deposition to Gallagher.  When the documents were not produced, Lexington asked for specific documents in the August 10, 2007 subpoena.  When discovery was reopened, Lexington served a subpoena requesting the same specific documents previously requested.  Lexington contends that there is significant overlap between the documents requested in the notice of deposition and the subpoena.  However, during discussions with Gallagher, Lexington agreed to limit the scope of the request to the documents created as part of the initial placement of the risk and during the subsequent renewals of the policy (requests 7 and 8 of the subpoena, document #89-3).  Lexington argues that the initial placement of the risk with Lexington, along with the subsequent renewals of the policy, are important to clarify Consolidated's bad faith claims related to delays in producing the policy after Hurricane Katrina and adjusting extra expense claims.  As to the adjustment of the business interruption claim, Lexington argues that Consolidated's bad faith claim will rest on whether Lexington's interpretation of the business interruption provisions of its policy was reasonable.  Lexington contends that its interpretation of the protections provided by the policy would be documented in the initial placement of the risk and the subsequent renewals.  Further, Lexington argues that the documents may inform the recollection of witnesses, Gallagher employees Sternfels and Brashier, and aid their testimony at trial.

The magistrate judge clarified in her order granting Lexington's motion to compel that

the court's March 5, 2008, statement that "discovery is not reopened as to the other written discovery sought by Lexington, but previously denied by the magistrate judge" refers to Lexington's July 20, 2007 interrogatories and request for production of documents and other written discovery sought by it but denied by the magistrate judge because of the impending trial date.  On July 20, 2007, Lexington served a notice for Sternfels' deposition, stating that all documents in his possession would be sought through a subpoena.  Consolidated agreed to produce Sternfels without a subpoena, but Sternfels did not produce any documents at the deposition.  Thereafter, on August 10, 2007, Sternfels was served with a subpoena for any information relating to the brokerage services provided by Gallagher to Consolidated.  The documents sought in August 2007 are the same documents that were requested for Sternfels' deposition, and the March 20, 2008, subpoena seeks the same documents as August 2007, except Lexington narrowed its requests to parts 7 and 8 of the subpoena.

   Accordingly, Consolidated's motion to reverse the order of the magistrate judge is denied, and the magistrate judge's May 22, 2008 order granting Lexington's motion to compel is affirmed.

   New Orleans, Louisiana, this  16th   day of June, 2008.


   **MARY ANN VIAL LEMMON**
   **UNITED STATES DISTRICT JUDGE**